NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| GAYLENE L. MOCK, | ) | |
| | ) | Supreme Court No. S-16539 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-16-6937 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| PAMELA CONNOLLY, DISABLED | ) | AND JUDGMENT* |
| VETERANS OF AMERICA, SHEREE | ) | |
| KAPLAN, LAURIE KOWAL, | ) | |
| CANDACE LOUDEN, PAUL LOUDEN, | ) | |
| JENNIFER MCGRATH, JOHN | ) | |
| MIRANDA, and SHARON MIRANDA, | ) | |
| | ) | |
| Appellees. | ) | No. 1675 – April 11, 2018 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Patrick J. McKay, Judge.

Appearances: Gaylene L. Mock, Pro Se, Lexington, Kentucky, Appellant. Sarah J. Tugman, Law Offices of Donna C. Willard, Anchorage, for Appellees.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I. INTRODUCTION

In a previous case addressing Gaylene Mock's claim that she is an interested party entitled to a payment from an estate, we affirmed the superior court's

---

\* Entered under Alaska Appellate Rule 214.

denial of her claims.[1] Before we issued our decision in that case, Mock filed suit against the individual beneficiaries of the estate based upon the same legal theory that she had asserted against the estate. The superior court dismissed her second suit as barred by collateral estoppel. She appeals that decision. Because her claims against the estate are barred by the statute of limitations, we affirm the superior court's dismissal.

## II.    DECISION

1.    In a previous case, *Estate of James V. Seward*,[2] Gaylene Mock and her son filed motions asserting that he was an interested person[3] entitled to a share of the estate and that she was entitled to a payment for back child support because Seward was her son's father.[4] The superior court denied their claims.[5]

2.    Mock had claimed that she was a creditor of the estate based upon 18 years of unpaid child support for her son.[6] We concluded that claim was barred by the statute of limitations; her son was in his 30s at the time she filed her complaint.[7] On appeal we affirmed the superior court's decision that Mock was not an interested person.[8]

3.    Before our decision was published, Mock filed a new complaint against the beneficiaries of the Seward Estate. Her complaint argued that she filed a creditor claim

---

[1]    *Estate of James V. Seward*, 401 P.3d 976 (Alaska 2017).

[2]    *Id.*

[3]    AS 13.06.050(26).

[4]    *Seward*, 401 P.3d at 979-81.

[5]    *Id.* at 982.

[6]    *Id.* at 980.

[7]    *Id.* at 984-85, 987.

[8]    *Id.* at 984-85.

against the estate, the claim had never been disallowed and should be paid, the beneficiaries received the estate's assets, and therefore the beneficiaries owed her back child support.

4.     The superior court dismissed Mock's complaint, holding that it was barred by collateral estoppel as a result of this court's decision.

5.     Because we held that "the statute of limitations on [Mock's] claim expired years before Seward died"[9] the superior court correctly dismissed her complaint against the beneficiaries.

6.     The superior court's dismissal is AFFIRMED.

---

[9]     *Id.* at 985.